NO. 4:11-CV-00211-D

| | | |
|---|---|---|
| JERRY L. PACE, SR., | ) | |
| Administrator of the Estate of | ) | |
| JERRY L. PACE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STEVE SMITH, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This cause comes before the Court upon a motion for a protective order (DE-21) and

motion for limited stay of discovery (DE-28) filed by Defendants Steve Smith, David

Lucido, and Keith Owen (collectively, "The Williamston Defendants"). Chief Judge

Dever referred both motions to the undersigned (DE-32) and they are ripe for adjudication.

For the reasons set forth herein, the motions are GRANTED.

**Motion for Protective Order (DE-21)**

The Williamston Defendants seek a protective order from the Court allowing the

release of SBI File No. 2009-03215 (1037). This case arises from the shooting death of

Jerry L. Pace, Jr. ("Decedent") following a stand-off between Decedent, members of the

Town of Williamston Police Department, and members of the Martin County Sheriff's

Department on December 8, 2009. In his complaint, Plaintiff seeks compensation for the

1

wrongful death of Decedent due to the Williamston Defendants' alleged violation of Decedent's constitutional rights pursuant to 42 U.S.C. § 1983. (DE-1). The State Bureau of Investigation ("SBI") has investigated the facts and circumstances of Decedent's death. The parties believe that the SBI file material may be material and relevant to the instant civil action. The SBI has no objection to turning over the requested file in accordance with the proposed Consent Protective Order attached as Exhibit A to the motion for protective order. (DE-21-1). The parties have all consented to the release of the SBI file material in accordance with the terms required by the SBI and as set forth in Exhibit A.

The undersigned agrees with the parties that the SBI file may be material and relevant to the instant dispute. A protective order being necessary to preserve the confidentiality of the SBI file, and with consent of the parties, the motion for protective order (DE-21) is GRANTED. The consent protective order attached as Exhibit A to the motion for protective order (DE-21-1) is hereby ADOPTED as this Court's order.

**Motion for Limited Stay of Discovery (DE-28)**

The Williamston Defendants also seek a limited stay of all discovery, save that discovery directly related to facts concerning the issue of qualified immunity, until the Court rules upon the Williamston Defendants' qualified immunity from suit in this action. In their answer to Plaintiff's complaint, the Williamston Defendants (DE-12) assert that Plaintiff's claims against them are "barred by qualified immunity, sovereign immunity and/or public official immunity." (DE-12, p.18). Plaintiff has not responded to the

2

motion for limited stay of discovery, and the time for doing so has expired.

Qualified immunity issues should be resolved at "'the earliest possible stage'" of litigation, Pearson v. Callahan, 555 U.S. 223, 232 (2009) (citation omitted), and "discovery should not be allowed" until the "threshold immunity question is resolved," Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The Williamston Defendants state that they intend to file motions for summary judgment early in this action based on their qualified immunity. (DE-28, p.2). As the defense of immunity may be dispositive to Plaintiff's claims against the Williamston Defendants, they are entitled to avoid the burden of discovery until the issue is resolved. *See* Blalock v. Eaker, No. 5:11-cv5-RJC, 2011 U.S. Dist. LEXIS 66301, at *2 (W.D.N.C. June 21, 2011) (granting the defendant law enforcement officials' motion for stay of discovery pending the district court's resolution of their defense of qualified immunity from a 42 U.S.C. § 1983 action). The motion for limited stay of discovery, except discovery directly related to facts concerning the issue of qualified immunity (DE-28), is therefore GRANTED. Discovery in this matter is stayed pending this Court's resolution of the issue of the Williamston Defendants' qualified immunity from suit. The stay of discovery does not affect the release of the SBI file.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 25th day of May, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE